UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NO CASINO IN PLYMOUTH and<br>CITIZENS EQUAL RIGHTS ALLIANCE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNITED STATES DEPARTMENT<br>OF THE INTERIOR, et al.,,<br><br>　　　　　Defendant. | No. 2:12-cv-1748 TLN CKD<br><br><br>**ORDER** |

This matter is before the court on the motion to intervene pursuant to Federal Rule of Civil Procedure 24[1] by the Ione Band of Miwok Indians ("Applicant"). (See Mot. for Intervention, ECF 35.) Applicant specifically seeks permissive intervention under Rule 24(b).[2] (Id.) Plaintiffs NO CASINO IN PLYMOUTH and CITIZENS EQUAL RIGHTS ALLIANCE[3]

---

[1]　　All further reference to Rule or Rules is to the Federal Rules of Civil Procedure, unless otherwise noted.
[2]　　A similar motion was filed by Applicant in the related case of Amador County v. United States Dept. of the Interior, 2:12-cv-1710 TLN-CKD. That motion, however, was unopposed.
[3]　　Defendants Amy Dutschke, Paula Hart, Sally Jewell, National Indian Gaming Commission, John Rydzik, Tracie Stevens, U. S. Department of Interior, and Kevin Washburn have filed a statement of non-opposition to the Applicant's motion to intervene. (ECF 42.) Indeed, Defendants "regard [intervention] as appropriate in light of the Tribe's sovereign authority to litigate on its own behalf." (Id. at 2:16-17.)

1

("Plaintiffs") oppose intervention.[4]  (See Pls.' Opp'n to Mot. to Intervene, ECF 39.)

## BACKGROUND

The Bureau of Indian Affairs ("BIA") issued a Record of Decision ("ROD") on March 24, 2012, placing approximately 228 acres of land located near the city of Plymouth into trust on behalf of Applicant.  Plaintiffs in this case request that the court vacate the ROD.  Plaintiffs maintain that the Secretary of the Department of Interior "lacks the statutory authority to take title in trust to the parcel." (Pls.' Compl., ECF 2, ¶ 2.)  Plaintiffs further allege that the "trust acquisition proposed by the Secretary in the ROD is intended to facilitate the construction of a major gambling casino" but "the [p]arcel is not eligible for Indian Gaming" because "The Indian Gaming Regulatory Act (IGRA) prohibits Indian gaming on land acquired after 1998 unless one of the statute's narrow exceptions apply."  (Id. ¶ 3.)

## STANDARD

Apart from intervention as of right under Rule 24(a), a potential party may also seek permissive intervention under Rule 24(b), which provides that:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . .  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Unlike intervention as of right, permissive intervention focuses on possible prejudice to the original parties to the litigation, not the intervenor**.**  See Donnelly v. Glickman, 159 F.3d 405, 411 (9th Cir. 1998); See also Moore's Federal Practice 3d Ed. § 24.10(1)(2003).   In reviewing a motion to intervene, the court generally should accept as true the allegations and evidence submitted by the Applicant. Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819-820 (9th Cir. 2001). The key inquiry in determining prejudice is the timeliness of the potential intervenor's motion.  In determining timeliness, the court looks at:  "(1) the stage of the proceeding at which an Applicant seeks to intervene; (2) the prejudice to other parties; and (3) the

---

[4]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

reason for and length of the delay." United States ex rel. McGough v. Covington Technologies Co., 967 F.2d 1391, 1394 (9th Cir.1992) (citing County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir.1986)) (quotations omitted).

## ANALYSIS

Applicant argues that intervention under Rule 24(b) is appropriate in this case because it "is in the very earliest stages, which weighs heavily in favor of granting the Tribe leave to intervene." (ECF 35 at 3:20-21.) Applicant notes that "[n]o discovery has occurred in this case." (Id. at 3:27.) Applicant further avers that its interests in this case are vital in that Plaintiffs seek to "reverse the Department[] [of the Interior's] determination that the Tribe is a restored tribe." (Id. at 5:24-25.) Applicant asserts that permissive intervention is appropriate because "[t]he main action in this case involves claims and defenses addressing the Tribe's federal recognition, its existence as a tribal government, and its status as a restored tribe with a right to restored federal Indian lands." (Id. at 6:26-28.)

Plaintiffs oppose intervention, arguing that contrary to Applicant's position, this case is not in the earliest stages of litigation; rather, Plaintiffs maintain that "[t]he parties are currently considering whether dispositive motions are appropriate to resolve this case or whether it should proceed to trial." (ECF 39 at 5:10-12.) Importantly, however, Plaintiffs do not dispute Applicant's contention that no discovery has yet taken place. Plaintiffs do maintain, however, that "[i]f the Ione Band is allowed to intervene[,] discovery would be wide open and the resolution of this case will be delayed." (Id. at 6:15-16.)

The court finds that Applicant's motion to intervene is sufficiently timely to satisfy the standard for permissive intervention and that intervention would not unduly prejudice Plaintiffs. A cursory review of the docket demonstrates that, while Plaintiffs filed the underlying action little more than a year ago, no substantive motions have been filed or ruled upon, thereby rendering Applicant's motion timely pursuant to Rule 24. See United States. v. Alisal Water Corp., 370 F.3d 915, 924 (9th Cir. 2004) ("The mere lapse of time, without more, is not necessarily a bar to intervention.") Indeed, the administrative record was filed a mere month prior to Applicant's motion, on May 03, 2013. (See Notice of Lodging of Administrative Record, ECF 31.) Because

1  Plaintiffs concede that no discovery has taken place in this action, and that no substantive motions
2  have been filed, the court finds unavailing Plaintiffs' contention that it would be prejudiced by
3  Applicant's intervention.  The court finds that the relatively insignificant steps that have been
4  taken in this case, such as the filing of joint status reports, are insufficient to prejudice Plaintiffs if
5  Applicant is permitted to intervene pursuant to Rule 24(b).   In the instant case, there is simply no
6  evidence that intervention by Applicant will prejudice the parties.

7       The court also finds, in its discretion, that Applicant has an abundant interest in the
8  resolution of this case.  <u>Sagebrush Rebellion, Inc. v. Watt</u>, 713 F.2d 525, 527 (9th Cir. 1983).
9  (Explaining that a potential intervenor must show that it has an interest in the subject matter of the
10 litigation.)  Specifically, the court finds that Applicant has aptly identified common questions of
11 law and fact with the original matter.  That is, Plaintiffs' contention that Applicant is not a validly
12 recognized tribe under federal jurisdiction pursuant to the Indian Reorganization Act of 1934.
13 (See Pls.' Compl. ¶ 2.)  Indeed, the essence of the underlying action concerns Applicant's very
14 existence as a federally recognized Indian Tribe.  To forego Applicant the opportunity to have a
15 voice in this case would be to potentially foreclose any ability to litigate its rights as a federally
16 recognized Indian tribe.  Plaintiffs do not dispute that Applicant has an interest in the subject
17 matter of this litigation; they only argue that Applicant's motion is untimely.  The court therefore
18 finds in the instant case that Applicant has a significant interest in whether the Plaintiffs obtain
19 the relief requested—federal recognition of the Miwok Band of Indians and the validity of tribal
20 trust lands.

21                                 **CONCLUSION**

22      Based on the foregoing, Applicant's motion to intervene (ECF 35) in accordance with
23 Rule 24(b) is GRANTED.

24

25 Dated: September 9, 2013

26

27                                                      Troy L. Nunley
                                                     United States District Judge

28