1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| NO CASINO IN PLYMOUTH and CITIZENS EQUAL RIGHTS ALLIANCE,<br><br>                    Plaintiffs,<br><br>          v.<br><br>S.M.R JEWELL, in her official capacity as Secretary of the UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>                    Defendants<br><br>          and<br><br>IONE BAND OF MIWOK INDIANS,<br><br>                    Intervenor Defendant. | No.  2:12-cv-01748-TLN-CMK<br><br><br>**ORDER** |

20

21      This matter is before the Court on Plaintiffs No Casino in Plymouth and Citizens Equal

22 Rights Alliance's (collectively, "Plaintiffs") Motion for Judgment on the Pleadings as to their first

23 claim under Federal Rule of Civil Procedure 12(c)[1].  (See Pls.' Mot. J. Pleadings, ECF 60; Mem.

24 P. & A., ECF 61.)  Plaintiffs also submitted a Request for Judicial Notice.  (See Pls.' Req.

25 Judicial Notice, ECF 62.)  Defendants, S.M.R. Jewell, et al., ("Federal Defendants") and Ione

26 Band of Miwok Indians ("Intervenor Defendant") (collectively, "Defendants"), oppose the

27

28 ─────────────────────
[1]      All further reference to Rule or Rules is to the Federal Rules of Civil Procedure, unless otherwise noted.

1

1   motion.  (See Defs.' Opp'n to Pls.' Mot. J. Pleadings, ECF 64; Intervenor-Def.'s Opp'n to Pls.'

2   Mot. J. Pleadings, ECF 65.)  For the reasons set forth below, Plaintiffs' motion is DENIED.[2]

3                                          **BACKGROUND**

4          This matter arises out of Plaintiffs' allegations that Federal Defendants did not have the

5   authority to take land into trust for the Intervenor Defendant, because the Ione Band of Miwok

6   Indians was not a "recognized tribe now under federal jurisdiction" in 1934 when the Indian

7   Reorganization Act ("IRA") was enacted.  (Pls.' First Am. Compl. ("FAC"), ECF 10 ¶¶ 50-58.)

8   On March 24, 2012, the Bureau of Indian Affairs ("BIA") issued a Record of Decision ("ROD"),

9   placing approximately 228 acres of land located near the city of Plymouth into trust on behalf of

10  the Intervenor Defendant.  (Id. ¶ 1.)   Plaintiffs allege that, although the Ione Indians were not a

11  federally recognized tribe in 1934, Federal Defendants erroneously concluded it was sufficient

12  that they were an Indian community "under federal jurisdiction" in 1934.  (Id. ¶ 58.)

13         Plaintiffs ask the Court to vacate the ROD, arguing that the Intervenor Defendant was not

14  a federally recognized tribe in 1934, and thus, the Secretary of the Department of Interior ("DOI")

15  lacked authority to transfer the land into trust.  (Id. ¶ 2.)   Additionally, Plaintiffs allege that the

16  trust acquisition proposed in the ROD is intended to facilitate the construction of a major casino,

17  but the parcels are not eligible for Indian Gaming because the Indian Gaming Regulatory Act

18  ("IGRA") prohibits Indian gaming on land acquired after 1998, unless one of the statute's narrow

19  exceptions apply.  (Id. ¶ 3.)  Plaintiffs further maintain that the Federal Defendants failed to take a

20  "hard look" at the environmental and socio-economic impacts of this action as required by the

21  National Environmental Policy Act ("NEPA").  (Id. ¶ 3.)  Plaintiffs seek declaratory and

22  injunctive relief from the Department of Interior's ROD.

23         Plaintiffs filed their FAC in this Court on October 1, 2012, asserting claims predicated

24  upon Federal Defendants' alleged (1) violation of IRA, (2) violations of  Code of Federal

25  Regulations § 151 and IRA, (3) infringement of state and local police power over non-public

26  domain property, (4) violation of IGRA, and (5) violation of NEPA.  (Id. ¶¶ 50–100.)

27  _____

28  [2]     Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

                                          2

1

## STANDARD

2          A party may move for judgment on the pleadings after the pleadings are closed.  Fed. R.

3     Civ. P. 12(c).  A Rule 12(c) motion challenges the legal adequacy of the opposing party's

4     pleadings.  Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal.

5     1992).  "A judgment on the pleadings is properly granted when, taking all the allegations in the

6     non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of

7     law."  Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).  "For

8     purposes of the motion, the allegations of the non-moving party must be accepted as true, while

9     the allegations of the moving party which have been denied are assumed to be false."  Hal Roach

10     Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

11          To prevail on a Rule 12(c) motion, the moving party must "clearly establish[] on the face

12     of the pleadings that no material issue of fact remains to be resolved and that it is entitled to

13     judgment as a matter of law."  Lorbeer v. Am. Tel. & Tel. Co., 958 F.2d 377 (9th Cir. 1992).

14     Therefore, "a plaintiff is not entitled to judgment on the pleadings when the answer raises issues

15     of fact that, if proved, would defeat recovery."  Gen. Conference Corp. of Seventh-Day

16     Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

17     A judgment on the pleadings also is not appropriate if the court "goes beyond the pleadings to

18     resolve an issue; such a proceeding must properly be treated as a motion for summary judgment"

19     pursuant to Rule 12(d).  Hal Roach Studios, 896 F.2d at 1550.  A district court may, however,

20     "consider certain materials -- documents attached to the complaint, documents incorporated by

21     reference in the complaint, or matters of judicial notice -- without converting the motion to

22     dismiss [or motion for judgment on the pleadings] into a motion for summary judgment."  United

23     States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); see also Summit Media LLC v. City of Los

24     Angeles, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008).  Further, extrinsic evidence that is subject

25     to judicial notice may be properly considered in a Rule 12(c) motion.  Heliotrope Gen., Inc. v.

26     Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999).

27     ///

28     ///

3

**ANALYSIS**

Plaintiffs move for judgment on the pleadings as to their first claim for relief averring that Federal Defendants lacked authority to take land into trust for Intervenor Defendant. (ECF 61 at 2:1-4.) First, Plaintiffs contend that the Ione Band of Miwok Indians was not a recognized tribe under federal jurisdiction in 1934 when the IRA was enacted, and thus, according to <u>Carcieri v. Salazar</u>, 555 U.S. 379 (2009), it does not qualify for the fee-to-trust transfer. Second, Plaintiffs assert that this Court's decision in <u>Ione Band of Miwok Indians, et al. v. Harold Burris, et al.</u> ("<u>Burris</u>"), holding that the Ione Band of Miwok Indians was not a federally recognized tribe in 1992, is preclusive and binding on the Defendants in the present case. Third, Plaintiffs allege that assertions made by Federal Defendants in the aforementioned litigation are judicial admissions that are also binding in this case. (<u>Id.</u> at 2:1-4.) Specifically, Plaintiffs refer to assertions made by the United States and at least one faction of the Ione Band in their initial pleadings and status conference reports denying "that the Ione Band of Miwok Indians has ever been a federally recognized tribe." (<u>Id.</u> at 19:9-22.)

Both Federal Defendants and Intervenor Defendant oppose the motion, arguing Plaintiffs' motion it is procedurally improper and impermissible under the Administrative Procedure Act ("APA"). (ECF 64 at 6:11-12; ECF 65 at 11:11-16.) Federal Defendants first argue that Plaintiffs' motion is beyond the scope of the United States' waiver of sovereign immunity and that Plaintiffs have not met their burden of establishing otherwise. (ECF 64 at 8.) Second, they maintain the standard of review for a motion for judgment on the pleadings is not an appropriate standard for review of agency action. (<u>Id.</u> at 11.) Third, even if a 12(c) motion was appropriate, Federal Defendants' Answer to Plaintiffs' First Amended Complaint (Fed. Defs.' Answer to FAC ("Answer"), ECF 14) raises facts and defenses that if true would bar recovery. (<u>Id.</u> at 12.) Federal Defendants further argue that the appropriate process for resolving this matter is through cross-motions for summary judgment. (<u>Id.</u> at 13.) As to the merits of Plaintiffs' motion, Federal Defendants contend that Plaintiffs' erroneously interpret <u>Carcieri</u>, mischaracterize this Court's findings in <u>Burris</u> by omitting relevant information and taking documents out of context, and attempt to improperly apply non-mutual collateral estoppel. (<u>Id.</u> at 15, 17-18.)

1      Additionally, Intervenor Defendant contends that Plaintiffs' motion asks this Court to

2  overturn agency action on the basis of a standard of review and procedure that are inapplicable

3  and inappropriate under the APA.  (ECF 65 at 8.)  Intervenor Defendant argues that Plaintiffs fail

4  to demonstrate both a right of action and a waiver of governmental sovereign immunity outside

5  the APA.  (Id. at 13.)  Like the Federal Defendants, Intervenor Defendant maintains that the

6  appropriate process for resolving this matter is through cross-motions for summary judgment.

7  (Id. at 18.)

8      **A.      Review under the Administrative Procedure Act**

9      Plaintiffs contend that they are entitled to judgment on the pleadings as to their first claim

10  for relief because Federal Defendants lack authority to take land into trust for Intervenor

11  Defendant.  Relying on this Court's decision in Burris, Plaintiffs urge the Court to take judicial

12  notice of several documents from that case that were not included in the administrative record in

13  support of their theory that Intervenor Defendant was not a federally recognized tribe eligible for

14  a fee-to-trust transfer.  (ECF 61 at 7-13.)  In opposition, rather than addressing the substantive

15  merits of Plaintiffs' motion, Federal Defendants raise procedural concerns.  Specifically, they

16  argue that Plaintiffs have not met their burden of establishing that their motion for judgment on

17  the pleadings falls within an explicit waiver of the United States' sovereign immunity from suit

18  and, as such, must rely on the limited waiver under the APA and seek administrative record-based

19  review of agency action.  (ECF 61 at 8.)

20      The Court agrees with Federal Defendants.  The United States, as a sovereign, is immune

21  from suit unless it has waived its immunity.  Dept. of the Army v. Blue Fox, Inc., 525 U.S. 255,

22  260 (1999); Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1087–88 (9th Cir. 2007) (citing

23  Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985)).  It is well settled that the United

24  States, together with its agencies and employees, may not be sued in the absence of such a waiver

25  of immunity.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Loeffler v. Frank, 486 U.S. 549, 554

26  (1988); United States v. Testan, 424 U.S. 392, 399 (1976).  A waiver of immunity must be

27  "unequivocally expressed" and is "construed strictly in favor of the sovereign."  United States v.

28  Nordic Village, Inc., 503 U.S. 30, 33 (1992) (citations omitted).  Because only Congress can

5

1    waive the federal government's sovereign immunity, a suit against the United States or its

2    agencies or employees acting in their official capacities may proceed only in accordance with

3    federal statute and under such conditions as Congress may impose. <u>Testan</u>, 424 U.S. at 399;

4    <u>United States v. Sherwood</u>, 312 U.S. 584, 586-88 (1941).

5          Plaintiffs' motion neither cites the federal statute that they believe grants them a right of

6    action against the federal government, nor explains how Federal Defendants may have waived

7    their immunity against such action.  However, in the FAC, Plaintiffs invoke 28 U.S.C. § 1331, 28

8    U.S.C. §§ 2201 and 2202, and 5 U.S.C. §§ 701-706 <i>et seq.</i> as the basis for jurisdiction in this

9    case. (ECF 10 ¶ 10).  Of these statutes, only the Administrative Procedure Act, 5 U.S.C. §§ 701-

10   706 <i>et seq.</i>, provides an independent waiver of sovereign immunity.[3]

11         Specifically, the APA provides for judicial review of (1) "agency action made reviewable

12   by statute" and (2) "final agency action."  5 U.S.C. § 704.  In order to have standing to seek

13   judicial review, a person must "suffer[] a legal wrong because of agency action" or be "adversely

14   affected or aggrieved" by said action.  5 U.S.C. § 702.  The proper standard for reviewing an

15   agency's discretionary action, such as the Secretary's ROD in this case, is to determine whether

16   the agency acted in a manner that was "arbitrary, capricious, an abuse of discretion, or otherwise

17   not in accordance with law."  5 U.S.C. § 706(2)(A); <u>Citizens to Preserve Overton Park v. Volpe</u>,

18   401 U.S. 402, 413-14 (1971).  The critical question in answering this inquiry is "whether the

19   decision was based on a consideration of the relevant factors and whether there has been a clear

20   error of judgment."  <u>Id.</u> at 416.  "Although this inquiry into the facts is to be searching and

21

22   [3]     Sections 1331, 2201 and 2202 do not contain express waivers of sovereign immunity.  28
     U.S.C. §§ 1331, 2201–02.  Section 1331 "merely provides that the district court shall have
23   original jurisdiction in all civil actions arising under the Constitution, laws or treaties of the
     United States" and "cannot by itself be construed as constituting a waiver of the government's
24   defense of sovereign immunity." <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458-59 (9th Cir. 1985);
     <u>see also</u> <u>Beller v. Middendorf</u>, 632 F.2d 788, 795-97 (9th Cir. 1980). Similarly, sections 2201 and
25   2202 do not by themselves waive the government's immunity.  <u>See</u> <u>Delano Farms Co. v. Cal.
     Table Grape Comm'n</u>, 1:07-CV-1610 OWW SMS, 2010 WL 2952358,  at * 4 (E.D. Cal. July 26,
26   2010) (citing, <u>inter alia</u>, <u>Wells v. United States</u>, 280 F.2d 275, 277 (9th Cir. 1960)); <u>Morongo
     Band of Mission Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1382-83 (9th Cir.
27   1988) ("The Declaratory Judgment Act merely creates a remedy in cases otherwise within the
     court's jurisdiction; it does not constitute an independent basis for jurisdiction.")
28

1   careful, the ultimate standard of review is a narrow one.  The court is not empowered to substitute

2   its judgment for that of the agency."  Id.  "The task of the reviewing court is to apply the

3   appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record

4   the agency presents to the reviewing court."  Fla. Power & Light Co. v. Lorion, 470 U.S. 729,

5   743-44 (1985) (citing Citizens to Preserve Overton Park, 401 U.S. at 414).  Further, a court

6   conducting APA judicial review "is not required to resolve any facts in a review of an

7   administrative proceeding," but instead determines "whether or not as a matter of law the

8   evidence in the administrative record permitted the agency to make the decision it did."

9   Occidental Eng'g Co. v. INS, 753 F.2d 766, 769 (9th Cir. 1985).

10       While a court is free to consider judicially noticeable documents, such as the ones brought

11  forth by Plaintiffs in their Request for Judicial Notice (ECF 62), under the APA this Court

12  essentially acts as a court of appeal.  See Fla. Power & Light Co., 470 U.S. at 743-44; Olenhouse

13  v. Commodity Credit Corp., 42 F.3d 1560, 1564 (10th Cir. 1994).  As such, the Court must

14  ultimately determine, based on a review of the administrative record, whether the DOI considered

15  relevant factors and articulated a rational connection between the facts found and the choices

16  made.[4]  Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of

17  Agric., 499 F.3d 1108, 1115 (9th Cir. 2007); Protect Our Water v. Flowers, 377 F. Supp. 2d 844,

18  858 (E.D. Cal. 2004) (citing Natural Res. Def. Council v. U.S. Dep't of the Interior, 113 F.3d

19  1121, 1124 (9th Cir. 1997)).

20       Defendants' argument in the instant case that the standard guiding a Rule 12(c) motion

21  does not comport with APA review is well taken.  (ECF 64 at 12.)  Specifically, the reviewing

22  court's role is to determine whether the DOI "properly dealt with the facts under the deferential

23  arbitrary and capricious standard of review," rather than weighing or determining whether issues

24  of fact are controverted in the pleadings.  (Id. at 11.)  Since this Court cannot make the necessary

25  determinations about the DOI's decision without reviewing the full context of the agency's

26  decision in light of the administrative record as is required by the APA, Plaintiffs' motion for

27

28  _____
    [4]      The Court notes that it may, within its discretion, consider documents judicially noticeable
    on the parties' cross-motions for summary judgment.

1   judgment on the pleadings is denied.

2          **B.      Facts and Affirmative Defenses Raised in Answer**

3          In the alternative, Federal Defendants argue that even if this was not an APA case,

4   Plaintiffs' Motion for Judgment on the Pleadings would fail because Federal Defendants have

5   raised genuine issues of material fact and have pled affirmative defenses in their Answer thereby

6   precluding judgment in Plaintiff's favor.  (ECF 64 at 12.)  In support of this claim, Federal

7   Defendants direct the Court to allegations in Plaintiffs' FAC.  Specifically, Federal Defendants

8   point to Plaintiffs' contention that "[t]he Secretary lacks authority to transfer the Parcels into trust

9   for the Ione Indians . . . [,]" because the Supreme Court's <u>Carcieri</u> decision limits the Secretary's

10  IRA trust acquisition authority to tribes, which in addition to being under federal jurisdiction,

11  were "recognized in 1934."  (<u>Id.</u> at 12; ECF 10 ¶ 2.)  Plaintiffs' FAC also asserts that the

12  Intervenor Defendants "were not a federally recognized tribe in 1934" and that the Secretary's

13  ROD is "inconsistent with the facts."  (ECF 64 at 12; ECF 10 ¶ 2.)  Federal Defendants contend

14  that Plaintiffs' first claim "hinges on their view of 'the facts,' as well as their interpretation of

15  <u>Carcieri</u>."  (ECF 64 at 12.)  In their Answer, Federal Defendants respond that "[t]he IRA, the

16  <u>Carcieri</u> decision, and the ROD speak for themselves and are the best evidence of their contents,"

17  opposing Plaintiffs' assertions "to the extent they are incomplete or inconsistent with the IRA, the

18  <u>Carcieri</u> decision or the ROD."  (ECF 14 at 11-12; ECF 64 at 12.)  Federal Defendants argue that

19  they considered evidence pertaining to the status of Intervenor Defendant in 1934, and concluded

20  that those facts support their ability to acquire land into trust for Intervenor Defendant today.

21  (ECF 64 at 13.)  Federal Defendants point to these disputed contentions, as well as affirmative

22  defenses, in their Answer to support their claim that a 12(c) motion cannot be granted in this case.

23          Judgment on the pleadings is only proper when there are no issues of material fact and the

24  moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 12(c).  However, "[a]ll

25  allegations of fact by the party opposing the motion are accepted as true, and are construed in the

26  light most favorable to that party."  <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802, 810 (9th

27  Cir. 1988).  Consequently, "a plaintiff is not entitled to judgment on the pleadings when the

28  answer raises issues of fact that, if proved, would defeat recovery."  <u>Gen. Conference Corp. of</u>

8

1  Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230

2  (9th Cir. 1989).  Similarly, "if the defendant raises an affirmative defense in his answer it will

3  usually bar judgment on the pleadings."  Id.; see also Cooper v. Sely, No. 1:11-CV-00544-AWI,

4  2013 WL 4095328 (E.D. Cal. Aug. 13, 2013).

5         Accepting Federal Defendants' allegations of fact as true and construing them in the light

6  most favorable to the non-moving party, Federal Defendants' argument is well received.  The

7  critical question in determining whether the agency acted in a manner that was "arbitrary,

8  capricious, [or] an abuse of discretion" is "whether the decision was based on a consideration of

9  the relevant factors and whether there has been a clear error of judgment."  Citizens to Preserve

10 Overton Park, 401 U.S. at 414.  In their Answer, Federal Defendants raise issues of material fact

11 and affirmative defenses that if true could bar recovery.  There is apparent disagreement about

12 whether Federal Defendants considered proper facts in making their determination.  Plaintiffs

13 allege that Federal Defendants' ROD is inconsistent with the facts; however, Federal Defendants

14 argue that they considered evidence pertaining to the status of Intervenor Defendant in 1934 and

15 concluded that those facts support their ability to acquire land into trust for Intervenor Defendant

16 today.  (ECF 64 at 13.)  Since the Answer raises issues of fact that, if proved, would defeat

17 recovery, judgment on the pleadings is inappropriate at this time.  Accordingly, the allegations in

18 Federal Defendants' Answer raise a material issue of fact which precludes judgment on the

19 pleadings.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

9

1

**CONCLUSION**

2

Based on the foregoing, Plaintiffs' Motion for Judgment on the Pleadings is DENIED.

3

Plaintiffs shall file their motion for summary judgment within sixty (60) days of the issuance of

4

this order.  Federal and Intervenor Defendants shall file their combined opposition and cross-

5

motion for summary judgment within Sixty (60) days of Plaintiff's motion for summary

6

judgment.  Plaintiffs shall file their reply and opposition to Defendant's Cross-Motion for

7

Summary Judgment within Sixty (60) days of Federal and Intervenor Defendants' combined

8

opposition and cross-motion for summary judgment.  Federal and Intervenor Defendants shall file

9

their replies within Thirty (30) days of Plaintiff's opposition.[5]

10

Dated: August 8, 2014

11

12

13

14

Troy L. Nunley
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[5]        The Court notes that this briefing schedule is similar to the briefing schedule ordered by the Court in the related case of County of Amador v. Dept. of Interior, et al., Case No. 2:12-cv-01710 (E.D. Cal. filed June 27, 2012).

10